Filed 3/15/24  P. v. Smith CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>THOMAS SCOTT SMITH,<br><br>    Defendant and Appellant. | E081095<br><br>(Super.Ct.No. 22AD29000204)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Katrina West, Judge.  Affirmed.

Thien Huong Tran, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Kathryn Kirschbaum, Deputy Attorneys General, for Plaintiff and Respondent.

1

Thomas Scott Smith appeals from the denial of his petition under Penal Code section 290.5 to terminate his obligation to register as a sex offender.[1] We find no abuse of discretion in the trial court's ruling, and therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In August 1980, Smith was convicted of committing a lewd and lascivious act on a child under the age of 14. (§ 288, subd. (a): Los Angeles County case No. A196749 [oral copulation charge] (hereafter A196749).) Records for the conviction are sparse, some of them having been destroyed. Smith's statements in a police report following his arrest for a subsequent sex crime involving a minor in 2008 indicated that his victim in 1980 was his seven-year-old son. In February 1981, Smith was deemed a mentally disordered sex offender and committed for an indeterminate period.

Smith suffered misdemeanor theft and possession of a dangerous weapon convictions in 1989 and 1991, respectively. (Former §§ 487.1, 12020, subd. (a).)

In 2008, sheriff deputies arrested Smith for oral copulation of a victim under age 10, and the prosecutor later added a charge of continuous sexual abuse of a minor. (§§ 288.5, subd. (a), 288.7, subd. (b); San Bernardino County case No. FWV802679 (hereafter FMW802679).) The victim, Smith's eight-year-old granddaughter, alleged he molested her when she was five years old and again when she was seven. After the victim's mother, Smith's daughter, disclosed during the investigation that Smith molested her and her brother when they were children, Smith admitted molesting his daughter, but

_____

[1] All further undesignated statutory references are to the Penal Code.

denied the current charge regarding his granddaughter. Smith pled guilty in FWV802679 to a misdemeanor count of contributing to the delinquency of a minor (§ 272); his plea form is not in the record on appeal.

In 2013, Smith was convicted of making criminal threats against his daughter (his admitted childhood molestation victim), after threatening to kill her when she refused his demands to speak with her. Smith was subsequently arrested multiple times for violating the victim's restraining order against him. According to Smith, this felony conviction was later reduced to a misdemeanor.

2015 and 2016 brought multiple further convictions: one for misdemeanor disturbing the peace (§ 415), and the next year Smith was convicted of failing to register as a sex offender (§ 290, subd. (b)).

In addition to arrests for violating court orders in 2015, 2016, and 2017, Smith's contacts with law enforcement included arrests in 1988 for battery, in 2010 for failure to register as a sex offender, and again for battery in 2015.

In August 2022, Smith filed a petition in the trial court to terminate his sex offender registration requirement. His petition identified both A196749 and FWV802679 as his convictions requiring registration.

The district attorney's office opposed the petition. The parties submitted written briefs and, after a hearing, the trial court denied the petition. The court acknowledged at the hearing that "the time period since the sex offense is substantial," but rejected Smith's contention he "does not pose a danger to the community." The court cited Smith's

3

"subsequent offenses, one of which is violating a restraining order against one of his victims in 2015" and "the two failures to register . . . as well." The court also observed, "He seems able-bodied. Seventy-one, to me, doesn't seem really old as I approach an older age." The court pared the prosecutor's request to preclude Smith from filing a new petition from the maximum of five years to three years.

## DISCUSSION

Beginning in 2021, the Legislature provided a statutory procedure for qualifying sex offender registrants to petition the superior court to terminate their registration requirement. (§ 290.5; see *People v. Thai* (2023) 90 Cal.App.5th 427, 432 (*Thai*).) Certain requirements must be met, including minimum registration periods. (§ 290.5, subs. (a)-(c).) Smith's "Tier 2 – Adult" designation following a Department of Justice review meant that his minimum registration period was 20 years. (See §§ 290, subd. (d)(2)(A) [Tier 2 offenders include those convicted of violent felonies]; 667.5, subd. (c)(6) [violation of § 288 is a "violent felony"].)

When, as here, the district attorney's office opposes termination of registration on grounds of community safety (Pen. Code, § 290.5, subd. (a)(2), (3)), the prosecution bears the burden of "establishing that requiring continued registration appreciably increase[s] society's safety." (*Thai*, *supra*, 90 Cal.App.4th at p. 432.) The preponderance of the evidence standard applies. (Evid. Code, § 115.)

Section 290.5 identifies factors for the trial court to consider in determining whether "community safety would be significantly enhanced by requiring continued

4

registration." (*Id.*, subd. (a)(3).) These factors include: "the nature and facts of the registerable offense; the age and number of victims; whether any victim was a stranger at the time of the offense (known to the offender for less than 24 hours); criminal and relevant noncriminal behavior before and after conviction for the registerable offense; the time period during which the person has not reoffended; successful completion, if any, of a Sex Offender Management Board-certified sex offender treatment program; and the person's current risk of sexual or violent reoffense, including the person's risk levels on SARATSO static, dynamic, and violence risk assessment instruments, if available."[2] (*Ibid.*)

We review the trial court's ruling granting or denying a registration termination petition under the abuse of discretion standard. (*Thai*, *supra*, 90 Cal.App.5th at p. 433.) "To establish an abuse of discretion, a defendant must demonstrate the trial court's decision fell outside the bounds of reasons, i.e., was arbitrary, capricious, or patently absurd." (*Ibid*. [noting that a "debatable ruling is not an abuse of discretion"].) We do not find the trial court's ruling debatable.

Smith relies on the absence of details about his original offense, which he characterizes as having "the fewest number of victims possible," i.e., one, his son. He cites the "familial setting" of that abuse and his attorney's administration below of a SARATSO "STATIC-99R" assessment tool to support a contention that "he's a low risk for re-offense," though his lawyer acknowledged, "[O]bviously, I am not a trained

---

[2] SARATSO stands for "State-Authorized Risk Assessment Tool for Sex Offenders." (§ 290.04, subd. (a)(1).)

professional." Smith also invokes the age of the offense and minimizes his subsequent convictions as "few," the "majority of them" being misdemeanors, "and none of them are for sex offenses."

Contrary to Smith's claims, however, he does not dispute his 1980 offense involved not only his son as he concedes, but his daughter, too. (§§ 290.5, subd. (a) [number of victims relevant to safety determination]; *id.*, subd. (a)(3) [information in police reports a valid source for trial court to consider].) Moreover, his son and daughter at that time were around the same age as his granddaughter when she subsequently also reported abuse. While Smith pled guilty to a lesser offense in that instance, he identified in his 2022 petition his granddaughter's case as a basis for registration. A fair inference is that the terms of his plea, albeit to a nonsex offense, may have so provided. In any event, Smith thereafter threatened to kill one of his victims, his daughter. Though he emphasizes that his original conviction is more than 40 years old, his interim conduct illustrates a lack of reform.

Smith's extensive criminal history thus remained a valid cause for concern, including felony criminal threats and registration convictions, compounded by repeated instances in which he violated court orders. *Thai*, on which Smith relies, is instructive. There, "[o]ther than evidence of the 24-year-old underlying offense, the prosecution offered no evidence Thai presents a danger today. Indeed, the evidence demonstrates the opposite. For almost 24 years, Thai had not suffered any conviction." (*Thai*, *supra*,

90 Cal.App.5th at p. 434.)  Here, in contrast, substantial evidence supports the trial court's conclusion that registration served ongoing community safety interests.

This is particularly true where Smith expressed no remorse for his offenses, nor, as he admits, was there any evidence he "ever participated in a sex offender treatment program," an express factor for the trial court's consideration.  (§ 290.5, subd. (a)(3).) Smith objects that it is "not known whether such a program even existed back" at the time of his original conviction.  Smith does not dispute the availability of such programs now, and his conduct since that time supports the court's registration ruling.

## DISPOSITION

The trial court's order denying Smith's section 290.5 petition is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:

CODRINGTON
J.

FIELDS
J.

7